KAZMIERCZAK and wife, Respondents, vs. KOKOT, Appellant.

*October 8—October 28, 1913.*

*Special verdict: Defects: New trial: Terms: Negligence: Burning of property.*

1. A special verdict to the effect that a fire set by defendant on his own land spread to plaintiff's land and burned and injured his timber; that the setting of such fire was an act of ordinary care and prudence; that defendant used ordinary care and prudence in preventing the fire from getting upon plaintiff's land; that the fire was the proximate cause of the burning of plaintiff's property; and that plaintiff might, by ordinary care, have saved his property or some part of it and prevented the same from being burned after he knew of the danger, is *held* to be defective.
2. A new trial granted in such case upon the court's own motion, on the ground that the verdict was inconsistent and contrary to law and the evidence, was properly granted without costs to either party.

APPEAL from an order of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

The appeal is from an order granting a new trial.

For the appellant the cause was submitted on the brief of *Goodrick & Goodrick.*

*John F. Hooper,* for the respondents.

TIMLIN, J. After a special verdict a new trial was granted without costs on the ground that the special verdict was "inconsistent" and contrary to the law and the evidence

and not sustained by the evidence. The verdict found for the defendant upon the question of his alleged negligence in setting a fire on his land which spread to the adjoining land of the plaintiff and that the defendant used ordinary care and prudence in managing said fire and in preventing it from escaping and getting on plaintiff's land. The fire did burn and damage plaintiff's wood, timber, trees, and fence, and the fire was the proximate cause of the burning of plaintiff's property. The plaintiff in the exercise of ordinary care could have saved his property *or some part of it* and prevented the same from being burned after he saw or knew there was danger of its destruction. There was evidence for and against these findings.

"Inconsistent" may not be the right word to describe the defects in the verdict, but the verdict was certainly defective. The sixth question finds only the very obvious and irrelevant truth that "the fire so set by defendant" was "the proximate cause of the burning;" while the seventh question finds that the plaintiff by the exercise of ordinary care might have saved his property or some part of it. The new trial granted upon both grounds above stated might well have been granted without costs. We perceive no error in the order appealed from.

*By the Court.*—Order affirmed.